IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Julie P. Whitchurch,

          Plaintiff,

v.                                                                            Case No. 1:17-cv-5205-MLB

Elarbee Thompson Wilson & Sapp,
LLP, et al.,

          Defendants.

_____/

**AMENDED ORDER**

In February 2019, the Court ordered Plaintiff Julie P. Whitchurch to correct her deficient shotgun pleading. The Court then granted Plaintiff several extensions of that deadline, but she failed to comply. The Court dismisses her federal claims with prejudice and her state claims without prejudice.

**I.   Background**

Plaintiff, proceeding pro se, initiated this action by filing her initial complaint—which spans more than 100 pages and 142 paragraphs of factual allegations—alleging sixty-five individual counts against

twenty-one defendants. (Dkt. 1.) Defendants are individuals at Plaintiff's prior place of employment, law firms and attorneys representing the employer, a federal public defender, two federal judges, two United States marshals, and the Department of Justice/US Marshals Service. (Dkt. 33 ¶¶ 9–30.) The crux of the complaint appears to be that Defendants orchestrated a vast conspiracy and racketeering enterprise violating Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff seeks $175 million in damages. (*Id.* ¶ 7.) Plaintiff also filed two additional amended complaints that merely added additional allegations. (Dkts. 16; 33.)

Having reviewed Plaintiff's complaint and determined it to be an impermissible shotgun pleading, the Court ordered Plaintiff to file a corrected complaint and provided her with detailed instructions on how to correct the deficiencies in her pleading. (Dkt. 79.) The Court has since tolerated Plaintiff's extensive filings and derogatory comments. In response to each motion, the Court has issued multiple orders, continuously reminding Plaintiff that failure to comply with its order that she file a corrected complaint would result in the dismissal with prejudice of her complaint. (*See* Dkts. 81; 83; 85.)

## II.   Discussion

The Eleventh Circuit has reserved special ire for such so-called shotgun complaints, "fill[ing] many pages of the Federal Reporter condemning [them] and explaining their vices." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" these shotgun pleadings which wreak havoc on the judicial system. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). Before dismissing a shotgun complaint for noncompliance with the Federal Rules of Civil Procedure and a court's local rules, however, "a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson*, 898 F.3d at 1358 (quoting *Vibe Micro*, 878 F.3d at 1295). This is the case even if the defendant does not move to strike the pleadings. *See Vibe Micro*, 878 F.3d at 1295.

The Court has provided Plaintiff with many opportunities to remedy the deficiencies in her complaint and has given her more than sufficient time in which to comply. (Dkts. 79; 81; 83; 85.) The Court ordered Plaintiff to file her corrected complaint by April 26, 2019. (Dkt. 85.) Plaintiff failed to do so. It is now within the Court's discretion to

3

dismiss Plaintiff's complaint. The Court repeatedly warned Plaintiff that failure to comply with the Court's instructions would result in the striking of her complaint and the dismissal of this case. In an effort to conserve limited judicial resources, the Court need not "endure endless shotgun pleadings." *Vibe Micro*, 878 F.3d at 1297. The Court elects to do what it told Plaintiff it would do if she did not comply with its prior orders. The Court dismisses Plaintiff's federal claims with prejudice. *Id.* at 1294 (affirming dismissal with prejudice of federal claims in a shotgun complaint where plaintiff did not replead after being given an opportunity to do so). The Court, however, dismisses her state claims without prejudice. *See id.* at 1296 ("Although it is possible for the district court to continue to exercise supplemental jurisdiction over [the pendant state] claims, if the district court instead chooses to dismiss the state law claims, it usually should do so without prejudice as to refiling in state court. We find that to be particularly the case where, as here, the dismissal occurs without any analysis of the merits of the state claims.").

### III. Conclusion

The Court thus **DISMISSES** this action as an impermissible shotgun pleading and for failure to comply with a lawful order of the

Court under Local Rule 41.3A(2). The federal claims are **DISMISSED WITH PREJUDICE**, while the state claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 24th day of January, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE